## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § | |
| | § | |
|   PLAINTIFF, | § | |
| | § | |
| | § | |
| V. | § | |
| | § | |
| | § | CIVIL ACTION NO.  SA-16-CA-1225 |
| BARACK OBAMA, PRESIDENT, ET AL., | § | |
| | § | |
|   DEFENDANTS | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §1442(a) and on behalf of Barack Obama, President of the United States of America; Tom Vilsack, Secretary of the United States Department of Agriculture (USDA); Dr. Joe Leonard, USDA Assistant Secretary for Civil Rights; Jeffery Prieto, USDA General Counsel; Gilbert D. Stokes Jr., USDA Director of Protective Operations; Inga Bumbary-Langston, USDA Deputy General Counsel; Arlean Leland, USDA Associate General Counsel; Cikena Reid, USDA White House Liaison; Karla Thieman, USDA Chief of Staff; and Richard Gibson, USDA Senior Counsel, in their official capacities only[1] (hereinafter the Federal Defendants),  by and through Richard L. Durbin, Jr., the United States Attorney for the Western District of Texas files this Notice of Removal and in support hereof

---

[1] Plaintiff has filed his Complaint naming these Federal Defendants in their official and individual capacities.  The Department of Justice is currently reviewing the individual defendants' requests for representation under 28 C.F.R. § 50.15, and individual capacity representation has not yet been authorized.

would show the Court the following:

## Background

1.      On November 29, 2016, Plaintiff, James W. Myart, Jr., pro se, filed his Verified Original Complaint and Request for Immediate Ex Parte Temporary Restraining Order and Permanent Injunction and Declaratory Judgement and Mandamus against the Federal Defendants in State District Court, in the 131st Judicial District Court for Bexar County. (The Complaint) **Attachment 1.**

2.      To date, upon information and belief, none of the Federal Defendants have been served with the Citation and Complaint by the Plaintiff.  The U.S. Attorney's Office received service on December 2, 2016.  Pursuant to Rule 81(c), F.R.Civ.P., upon removal, the Federal Rules of Civil Procedure apply.  Accordingly, Rule 12(a)(2) allows the United States, its agencies, officers or employees 60 days in which to serve a responsive pleading to the Complaint.

3.      This removal is timely under 28 U.S.C. § 1446(b).

4.      Plaintiff's Original Complaint alleges a wide variety of sundry federal statutory, Civil Rights and U.S. Constitutional violations, as well as state constitutional and statutory violations against the named Federal Defendants.  Plaintiff alleges these violations against these named Federal Defendants in both their individual and official capacities.

5.      The crux of Plaintiff's Complaint is apparently the issuance of a "Special Barring Order" (**Attachment 2**), issued in Washington, D.C., on July 1, 2016, which states that the Plaintiff is not allowed to access USDA Headquarters and other USDA facilities in the D.C. area unless authorized by the Protective Operations Division.  This USDA Order is similar to this Court's recent Order regarding the Plaintiff.  **Attachment 3**.

6.      As noted in the Complaint, the Plaintiff also seeks injunctive relief, and upon an *ex*

*parte* basis, has sought a scheduled TRO hearing, where in addition to a restraining order, he also seeks to consolidate this case with a previous state court action that he has filed against the State Bar of Texas. **Attachment 4**. These Federal Defendants are not parties to that separate action and that lawsuit is not being removed to federal court, and the Plaintiff has been informed that the U.S. Attorney's Office would oppose any consolidation of these two cases.

7.     Currently the state court hearing is set for December 6, 2016. With the filing of this notice, that hearing will, by operation of law, be vacated. *See*, 28 U.S.C. §1446(d), ("Promptly after the  filing such notice of removal of a civil action … the State Court shall proceed no further unless and until the case is remanded.)

8.     It is Federal Defendants' position that the Texas state district court from where this case was removed, lacks both personal and subject matter jurisdiction, and accordingly, this Court likewise lacks the same pursuant to the doctrine of derivative jurisdiction, (*See, e.g., Lopez v. Sentrillion Corp.*, 749 F3d 347, 350 (5th Cir. 2014)("[W]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.", (citations omitted)). The Federal Defendants further aver that this case is also subject to *sua sponte* dismissal because of the inherently implausible nature of the allegations of a variety of imagined nefarious conspiracies by high ranking federal officials including the President and Secretary of the USDA. A district court should dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

9.      The Federal Defendants further aver that Plaintiff's filing of the Complaint in State District Court for allegations of violations of federal law against the Federal Defendants who do not reside in Texas, for actions which did not arise in Texas, is an apparent attempt to evade the "Pre-Complaint" review Order previously entered by this Court.  **Attachment 5.**  The Federal Defendants further aver that Plaintiff's filing of this Complaint continues a pattern of harassing litigation by the Plaintiff against federal judges and federal officials.  **Attachment 6**.

10.     In compliance with 28 U.S.C. § 1446(d), the Federal Defendants will file in State District Court, promptly after the filing of this Notice of Removal, the attached Notice of Filing Notice of Removal. **Attachment 7.**

11.     Pursuant to Local Court Rule CV-3(a), a JS 44, Civil Cover Sheet is attached hereto. **Attachment 8.**  As this federal case is being initiated via removal, a Supplement to JS 44 is attached hereto. **Attachment 9.**

WHEREFORE, the Federal Defendants provide this Notice that the action now pending in the 131st Judicial District Court for Bexar County, Texas, is removed to this federal district court for all further proceedings.

Respectfully submitted,

**RICHARD L. DURBIN, JR.**

United States Attorney

By:     /s/ John F. Paniszczyn
        **JOHN F. PANISZCZYN**
        Assistant United States Attorney
        State Bar No. 15443855
        U.S. Attorney's Office
        601 N.W Loop 410, Suite 600
        San Antonio, Texas 78216-5597
        Tel: (210) 384-7325
        Attorneys for the Federal Defendants
        in their Official Capacity.

4

## CERTIFICATE OF SERVICE

I hereby certify on the 2nd day of December, 2016, I electronically filed the foregoing Court with the Clerk of Court using the CM/ECF system, and a true and correct copy of the forgoing shall be served by Certified United States Mail, of such filing to the following:


Mr. James Myart, Jr., Pro Se
300 Labor, Apartment 3302
San Antonio, Texas 78210
Email: myart_james@yahoo.com


/s/ John F. Paniszczyn
**JOHN F. PANISZCZYN**
Assistant United States Attorney